# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: 1:13-cv-03648 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 24.14.139.173, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

## I.     INTRODUCTION

Defendant insinuates throughout his opposition brief that this case is about child pornography. It is not. Every individual in Plaintiff's films are of legal age and Plaintiff takes great care to ensure compliance with all U.S. laws regulating its business. Defendant's attempt to insinuate otherwise is a flagrant distortion of the case and offensive.

Defendant's Answer and Opposition to Plaintiff's Motions rely on the flawed assertion that violations of 18 U.S.C. § 2257 provide a basis to bar a copyright holder from claiming the protections of the Copyright Act. Defendant's argument fails as a matter of law. Indeed, compliance with 2257 is not a prerequisite to obtaining copyright protection and for the Court to hold otherwise would be reversible error. Moreover, Section 2257 has no bearing on Defendant's affirmative defenses and the affirmative defenses regarding IPP and Plaintiff's ability to recover statutory damages are equally erroneous. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant Plaintiff's Motion to

Dismiss and Motion to Strike.

## II.     PLAINTIFF'S MOTIONS SHOULD BE GRANTED

### A.  Defendant's Counterclaim is Redundant and Should be Dismissed

As shown in Plaintiff's Motion to Dismiss, Defendant's counterclaim is repetitious and unnecessary.  In two similar cases before this Court, the Honorable Judge Shadur struck nearly identical answers and counterclaims filed by this same Defense counsel.  *See Malibu Media, LLC v. John Doe*, 13-C-2702, 13-C-8473, Transcript of Proceedings Before the Honorable Milton I. Shadur, (N.D. Ill. Dec. 9, 2013), Ex. A.  "[A] Counterclaim is not just there to assert the reverse of an answer . . . you can't just mirror a complaint by turning the allegations around." *Id*.

Section 2257 does not save Defendant's counterclaim.  Indeed, Section 2257 does not provide for a private cause of action.  Thus, even if Plaintiff violated Section 2257, and it did not, it cannot be held liable to Defendant and, as discussed below, such liability would not absolve Defendant of his infringing acts.

Citing no authority, Defendant argues that "the particular affirmative defenses alleged would be relevant not just in this case, but in hundreds if not thousands of other Malibu Media cases nationwide, and could be tried separately."  Defendant's Opposition ("Oppo."), p. 10. Defendant's argument is erroneous.  This litigation is only "concerned with adjudicating the rights of these particular parties."  *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, at *4 (D. Md. 2012).  "The Declaratory Judgment Act . . . 'is not intended to provide a forum for establishing the legal relations between declaratory defendants and 'all the world' '; rather, it only permits courts to clarify or settle 'the legal relations of the parties[.]'"  *Id.* (granting Malibu Media's motion to dismiss declaratory relief counterclaim).  Further, the Seventh Circuit has

held that "[t]he label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). Thus, under binding precent, Defendant's argument that "even if Malibu Media attempts to dismiss this suit unilaterally, the Court has discretion to adjudicate these affirmative defenses separately," is wrong. Oppo., pp. 26-27.

### B. Alleged Failure to Maintain Accurate Records Under Federal Statute is Not a Defense to Copyright Infringement

The Copyright Act states that "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated[.]" 17 U.S.C. § 102(a). The Copyright Act does *not* limit copyright protection to only those entities that are in compliance with federal record keeping statutes. Defendant's argument seeks to add this requirement to the Copyright Act's express definition of what is copyrightable. Specifically, Defendant argues that Plaintiff *may* not be keeping compliant 18 U.S.C. § 2257 records ("2257 Records"). From this speculative premise Defendant erroneously asserts that if Plaintiff is not keeping compliant 2257 Records then its works are not entitled to copyright protection.[1] *See* Oppo., pp. 6-7. As explained below, Defendant's argument fails as matter of law.

Entities and persons are required by federal law to maintain accurate records with respect to many different aspects of doing business. For example, the U.S. Equal Employment Opportunity Commission requires "that employers keep all personnel or employment records for one year."[2] The Internal Revenue Code states that "[e]very person liable for any tax imposed by

---

[1] Defendant did not allege that Plaintiff's copyrights are unenforceable because Plaintiff's movies depict minors committing sexual acts. Nor could Defendant make any such allegation consistent with Rule 11. Regardless, as explained below, any such allegation would also be irrelevant because there are absolutely no content restrictions on the copyrightability of works -- period. Nor as discussed above is there a requirement that any records be kept in order for works to receive copyright protection.

[2] *See* http://www.eeoc.gov/employers/recordkeeping.cfm

this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. § 6001. 18 U.S.C. § 2257 is just one of dozens if not scores of record keeping statutes. It requires producers of sexually explicit content to keep certain age verification records. 18 U.S.C. § 2257 does not mention the word "copyright" and the Copyright Act does not mention 18 U.S.C. § 2257.

To require Plaintiff to comply with a record keeping statute prior to enforcing a copyright would violate the basic tenant that Courts "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29, 118 S. Ct. 285, 290, 139 L. Ed. 2d 215 (1997). *See also e.g. Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005) ("It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute.") quoting *Gildon v. Bowen,* 384 F.3d 883, 886 (7th Cir.2004); *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 590 (9th Cir. 1981) ("It is . . .[a] general principle of statutory construction that a court should not add language to an unambiguous statute. . . ."); *United States v. Parise*, 159 F.3d 790, 800 (3d Cir. 1998) ("Courts should not legislate by reading into the laws provisions not included by the legislature."); *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 374 (5th Cir. 2009) ("Under well-settled principles, courts must refrain from reading additional terms . . . into these sections."); *MORI Associates, Inc. v. United States*, 102 Fed. Cl. 503, 539 (Fed. Cl. 2011) ("Echoing the Supreme Court, the Federal Circuit noted it "must presume that Congress says in [a] statute what it means and means in a statute what it says," . . . and concluded that its "inquiry thus begins and ends with what [the statute] does (and does not) say.").

Thus, even if Plaintiff's 2257 records are noncompliant – **which they are not** – Plaintiff's copyrights are valid and enforceable. Just as the Court would find that a plaintiff's failure to maintain employment tax records in compliance with IRS standards is _not_ a defense to copyright infringement, so too must it find that a purported failure to maintain accurate 2257 records is _not_ a defense to infringement. In short, Defendant's purported "2257 defense" is not a legally cognizable defense and fails as a matter of law.

**C.** Plaintiff's Works Are Entitled to Copyright Protection Under the Copyright Act

"No works are excluded from copyright by reason of their content." 1 Melville B. Nimmer & David Nimmer, _Nimmer on Copyright_, § 2.17 (2008), _citing Mitchell Bros. Film Group v. Cinema Adult Theater_, 604 F.2d 852, 863 (5th Cir. 1979) ("_Mitchell Brothers_"). Sound policy reasons support the "Congressional intent to avoid content restrictions on copyrightability." _Id_. at § 2.17. In _Belcher v. Tarbox_, 486 F.2d 1087, 1088 (9th Cir. 1973), the 9th Circuit rejected the argument that false and fraudulent text was not copyrightable. The _Belcher_ Court held: "[t]here is nothing in the Copyright Act to suggest that the courts are to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work. The gravity and immensity of the problems, theological, philosophical, economic and scientific that would confront a court if this view were adopted are staggering to contemplate." _Id._

In _Mitchell Brothers_, accused infringers of a pornographic film asserted as an affirmative defense that the copyrighted material violated obscenity law and was therefore not copyrightable. Further, that since the subject matter of the copyrighted work violated the law plaintiffs were barred from recovering for an infringement of their work under the doctrine of "unclean hands." _Mitchell Brothers_, 604 F.2d at 854. Following the acceptance of the

affirmative defense by the trial court, the Fifth Circuit reversed, holding there is not even a hint in the Copyright Act that the obscene nature of a work makes it less copyrightable:

> [The Copyright Act's]… statutory language "all the writings of an author" is facially all-inclusive, within itself admitting of no exceptions. There is not even a hint in the language of s. 4 that the obscene nature of a work renders it any less a copyrightable "writing." There is no other statutory language from which it can be inferred that Congress intended that obscene materials could not be copyrighted.

*Id.* (footnote omitted).

The *Mitchell Brothers* Court then noted that the historical absence of any content-based restrictions in copyright law demonstrated that "Congress has seldom added restrictions on copyright based on the subject matter of the work, and in each instance has later removed the content restriction." *Id.*, at 855. Such congressional "additions and subsequent deletions," "suggest that Congress has been hostile to content-based restrictions on copyrightability." *Id*

Three years later in *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) ("*Jartech*"), the 9th Circuit also rejected the argument that obscene works are not entitled to copyright protection. There, the plaintiff alleged that the defendants violated the plaintiff's copyrights in a sexually explicit film by surreptitiously photographing images of a video as it played in the theater and tape recording the entire soundtrack of the film. *Id.*, at 405. The *Jartech* decision elucidated an additional, pragmatic reason to avoid an obscenity defense to copyright infringement:

> Pragmatism further compels a rejection of an obscenity defense. Under the dictates of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), obscenity is a community standard which may vary to the extent that controls thereof may be dropped by a state altogether . . . Acceptance of an obscenity defense would fragment copyright enforcement, protecting registered materials in a certain community, while, in effect, authorizing pirating in another locale.

*Jartech*, 666 F.2d at 406.

This Court has previously held that "today's conventional wisdom 'is that copyright law

no longer concerns itself with the underlying morality or legality of works when determining their eligibility for copyright." *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 198 (N.D. Ill. 2013). And, binding Seventh Circuit precedent holds that "even illegality is not a bar to copyrightability." *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012). *See also United States v. Arndt*, 2010 WL 384890, at *5 (W.D. Mo. 2010) (accepting defendant's argument that the alleged child pornography on his computer may be copyrightable but holding that this did not shield him from criminal prosecution). Further, the Ninth Circuit held, in *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 991 (9th Cir. 2009), that "[t]he *Mitchell/Belcher* principle leads to the conclusion that illegal operation of a copyrightable work neither deprives the work of copyright protection nor precludes generally available remedies." *Id.*

The above facts and law clearly demonstrate that there is no content based restriction on which works may obtain copyright protection. The Copyright Act sweeps broadly and affords protection regardless of content or use, even if illegal. In light of the foregoing, it is clear that the legislature did not intend for those protections to be denied based on an assertion of purported noncompliance with another unrelated federal law.

### D. Defendant's 2257 Argument Has No Bearing on an Unclean Hands or Copyright Misuse Defense

There is no authority supporting the assertion that "if Malibu has unlawfully produced the copyrighted works at issue, then the court is within its discretion to allow an equitable, judicial defense to infringement based on Malibu's alleged wrongdoing." Oppo., at p. 22. As Plaintiff has already demonstrated, the Copyright Act does not exclude works from copyright protection on the basis that the copyright holder failed to comply with another federal law. And, the Court is not entitled to "read[] words or elements into a statute that do not appear on its

face." *Bates v. United States*, 522 U.S. at 29 (1997). Accordingly, 18 U.S.C. § 2257 is not a basis to defend against Plaintiff's claim. Defendant's purported "2257 defense" is not a legally cognizable defense to Plaintiff's cause of action and fails as a matter of law. Therefore, the Court must strike those affirmative defenses which rely on it and dismiss Defendant's Counterclaim seeking to have the affirmative defenses declared valid.

To properly plead unclean hands, Defendant must demonstrate that Plaintiff "has engaged in misconduct, fraud or bad faith toward the party he or she is now suing," and "the misconduct involved the same transaction that is at issue in the suit." *SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 623626, at *4 (N.D. Ill. 2008). Here, Defendant's purported 2257 defense, which forms the basis for his unclean hands affirmative defense, has no bearing on either element. To wit: a purported failure to maintain accurate records under 2257 cannot be construed as misconduct, fraud, or bad faith *toward the Defendant* since those records have nothing to do with the Defendant. There is no effect "on the party [it] is now suing." *Id.* Similarly, purportedly inaccurate or incomplete 2257 records do not involve the *same transaction* at issue in this suit. Plaintiff's 2257 records have no bearing on the determination of whether or not Defendant is liable to Plaintiff for infringement of its copyrighted works through the BitTorrent file sharing protocol.

As to Defendant's copyright misuse affirmative defense, Defendant argues that "the kind of artistic expression intended to be incentivized under the Copyright Act does not extend to promoting child pornography. Nor would such 'speech' be protected under the First Amendment." Oppo., at p. 24. First, Plaintiff's copyrighted films are *not* child pornography and, as pointed out above, Defendant has not alleged that they are since he cannot do so and still comply with Fed. R. Civ. P. 11. Next, Defendant entirely ignores Plaintiff's argument and

citation to Seventh Circuit precedent which holds that "copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer.*" *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 22183, at *8 (N.D. Ill. 2011) quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir.2004). A violation of 18 U.S.C. § 2257 is not an attempt to obtain protection that copyright law does not confer. It is also not "us[ing] [a copyright] in a manner violative of the public policy embodied in the grant of a copyright," since 18 U.S.C. § 2257 has nothing to do with how a copyrighted work is being <u>used</u>. Oppo., p. 24. Thus, Defendant's insufficient copyright misuse and unclean hands affirmative defenses fail as a matter of law.

      **E.** The "One Satisfaction Rule" Is Not An Affirmative Defense

Defendant's opposition concedes that the "One Satisfaction Rule" is <u>*not*</u> an affirmative defense and inappropriate at this stage of the pleadings. Oppo., at p. 25 ("defendants would contend, it is premature to get into the merits of how the one satisfaction rule should be adapted to the era of a BitTorrent 'swarm' at this stage of the case.") Likewise, it cannot possibly be construed as a counterclaim. Instead of arguing the merits of the "One Satisfaction Rule," Defendant allows only for a "preview" of his argument. This "preview" does not support a legal basis for an affirmative defense or counterclaim and instead, misinterprets the law. The plain language of the Copyright Act limits any cap on damages to only an actual judgment award "in the action". *See* 17 U.S.C. § 504(c)(1). Therefore, Plaintiff's settlements from other cases are not relevant to this case.

Further, Plaintiff's settlement amounts are not relevant because a confidential settlement is not an "award of damages". *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *2 (D. Colo. 2013) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. 2013)

("[Defendant's] argument that Plaintiff's alleged settlements with other defendants precludes recovery of statutory damages severely misreads the statute. Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages"); *see also* AWARD, Black's Law Dictionary (9th ed. 2009) ("**award,** *n.* (14c) A final judgment or decision, esp. one by an arbitrator or by a jury assessing damages"). Accordingly, Defendant's "One Satisfaction Rule" affirmative defense and counterclaim should be stricken and dismissed.

**F.**   Defendant Has Failed to Plead Estoppel and Implied License

The Court should strike Defendant's affirmative defenses of estoppel and implied license because Defendant has failed to plead the necessary elements.   "[E]stoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993)  Defendant did not plead estoppel because Defendant has not, and cannot, allege that *Malibu knew* of the alleged "honey pot" and induced him to rely on such action to his detriment. Indeed, Defendant admits in his opposition that he does not have any evidence that the "honey pot" even existed.  Oppo., at p. 14 ("although defendant is *not yet clear* on the specifics, there are documents, in German, about the proceedings") (not attaching any documents) (emphasis added).  S*ee also id*., at p. 25 ("Defendants will undoubtedly be following up on the whole Guardaley episode in Germany, but see no reason to put discovery on hold to re-plead the facts related to that incident").   For the same reason, Defendant has not pled the elements of an implied license and cannot do so on a good faith basis. "If a defendant cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery into those defenses." *Dodson v. Strategic*

*Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 602 (E.D. Cal. 2013).

Plaintiff would never allow IPP or anyone else to ever seed its works on BitTorrent. This is antithetical to the work Malibu does. Plaintiff should not be required to incur unnecessary expenses litigating such frivolous defenses and Defendant should not be allowed to engage in a baseless and harassing fishing expedition.

### G. Defendant's Remaining Affirmative Defenses Should be Stricken

Defendant provides no argument as to why his "failure to mitigate damages" and "failure to join an indispensable party" affirmative defenses should not be stricken. To the contrary, Defendant acknowledges that striking those defenses is proper. *See* Oppo., p. 27 ("With the possible exception of failure to mitigate and failure to join an indispensable party, none of the affirmative defenses should be stricken.") Plaintiff's Motion to Strike makes clear that both affirmative defenses fail as a matter of law. Defendant attempts to argue that his failure to mitigate affirmative defense should remain because Malibu has not yet made "its election of statutory damages final." *Id.* However, Plaintiff has only pled statutory damages in its Complaint so its election is final. And, Defendant admits that Malibu is correct with regard to Defendant's failure to join an indispensable party defense. The initial seeder is not indispensable to this case for the reasons explained in Plaintiff's Motion. Accordingly, Defendant's affirmative defenses should be stricken.

### I. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike and Motion to Dismiss.

Dated: February 7, 2014

Respectfully submitted,

SCHULZ LAW, P.C.

By:    /s/ *Mary K. Schulz*

Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel:  (224) 535-9510
Fax:  (224) 535-9501
Email:  schulzlaw@me.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Mary K. Schulz*