# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) Civil Case No.: 1:13-cv-03648 |
| v. | ) |
| JOHN DOE subscriber assigned IP address 24.14.139.173, | ) |
|     Defendant. | ) |

## PLAINTIFF'S MOTION FOR THE ENTRY OF A PROTECTIVE ORDER

1.  Pursuant to Fed. R. Civ. P. 26(c), Plaintiff moves for the entry of a protective order, and in support states:

2.  On June 19, 2014, this Court held a status hearing wherein the discovery deadlines were set [CM/ECF 49].

3.  Specifically, this Court set the deadline to file a motion for entry of a protective order for today, July 10, 2014.

4.  On July 10, 2014, undersigned emailed defense counsel, the Northern District of Illinois Model Confidentiality Order and suggested that defense counsel modify and track any changes made.

5.  Thereafter, the parties were able to agree on most modifications.

6.  The parties are in agreement as to the entry of a protective order attached as Exhibit A, except for the inclusion of one provision:

    a.  Defendant proposed the addition of section 5(b)(1) which would state: In any case(s) other than this one where the John Doe(s) in a Malibu Media lawsuit are also being represented by The Pietz Law Firm, then, in those case(s), Confidential Information may be shared with all the persons in those cases who fall within the categories delineated above in subsections 1 to 9, above, subject to all of the

above limitations. In addition to the above limitations on disclosure, if Confidential Information from this case is going to be shared with (1) "Counsel", (2) "Parties", or (7) "Witnesses at depositions" in any other case, then that may be done only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7. Plaintiff opposes the inclusion of section 5(b)(1) because the purpose of bate stamping and designating documents as confidential in a particular case is to easily track documents produced, and identify the source of a violation of a protective order, if one occurs. This cannot be done if this Court allows all unrelated third parties access to Plaintiff's confidential information. Indeed, it would be impossible to decipher the source of dissemination of confidential documents if *numerous* defendants all over the country have the exact same documents.

8. Further, such a provision undermines other courts and their ability to enter protective orders. Indeed, defense counsel is also counsel for unrelated defendants in pending Malibu Media cases in Illinois, Michigan, Colorado, and Maryland. Therefore, inclusion of this provision is merely a method for defense counsel to circumvent the process of seeking the entry of a protective order in his other cases around the country. Thus, such a provision is improper.

WHEREFORE, Plaintiff respectfully requests that the Court enter its Proposed Protective Order, attached hereto as Exhibit A.

DATED: July 10, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Ave., #433
Birmingham, MI 48009
Tel: (248) 203-7800
Fax: (248) 203-7801

2

        E-Fax: (248) 928-7051
        Email: pauljnicoletti@gmail.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:    /s/ *Paul J. Nicoletti*