UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No. 1:13-cv-03648<br><br>Assigned to:   Honorable Matthew F. Kennelly<br>                      United States District Judge |

**JOHN DOE'S RESPONSE TO**

**PLAINTIFF'S MOTION FOR THE ENTRY OF A PROTECTIVE ORDER**

For the most part, John Doe does not oppose plaintiff Malibu Media, LLC ("**Malibu**")'s Motion For Entry Of A Protective [*i.e., Confidentiality*] Order (ECF No. 50). After some initial reluctance, Malibu agreed to adopt the Northern District of Illinois model confidentiality order as a baseline. Malibu also agreed to one proposed substantive modification to the model order, which would give the Court discretion to award costs and fees to a party that succeeds in challenging the propriety of a confidentiality designation. *See* ECF No. 50-1, 9(c) at p. 6. Essentially then, the parties are 99% agreed as to the form of a protective order.

The sole focus of this response is on the one proposed modification/addition to the model order being advocated by Doe, which Malibu has rejected, citing no authority. The issue in dispute is Doe's insistence that the order allow for the *potential* sharing and use of "Confidential Information" uncovered in this lawsuit, by The Pietz Law Firm in defending other, similarly situated Malibu Media cases where The Pietz Law Firm is also counsel.

The proposed modification in dispute is consistent with Rule 1's instruction that cases be resolved inexpensively, and it is consistent with this Circuit's precedent on protective orders. *See*

- 1 -

*Griffith v. University Hosp., LLC,* 249 F. 3d 658, 661 (7th Cir. 2001) ("'Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.'"); *quoting Wilk v. American Medical Association,* 635 F.2d 1295, 1299 (7th Cir.1980).

Accordingly, Doe respectfully requests that the Court enter John Doe's Proposed Confidentiality Order, which is attached hereto as Exhibit A, rather than Malibu's proposal.

**(a)** **The Disputed Language Proposed by Doe**

The sole issue in dispute is covered entirely in Section 5 of the order, which is produced here in its entirety, in redline format[1] showing Doe's proposed changes against the model order:

> 5. Protection of Confidential Material.
>
> (a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation <ins>and in any litigation where the John Doe(s) in a Malibu Media lawsuit are also being represented by The Pietz Law Firm</ins>, including any appeal thereof. <del>[INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]</del>

---

[1] In addition, a redline showing Doe's entire proposed confidentiality order (Exhibit A), compared against the model order, is attached hereto as Exhibit B. For reasons that are presumably known only to Microsoft programmers, the Exhibit B redline shows more things being changed than is actually the case with respect to paragraph 5(a), so the redline in this brief was done by hand.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.; and

(10)[2] In any case(s) other than this one where the John Doe(s) in a Malibu Media lawsuit are also being represented by The Pietz Law Firm, then, in those case(s), Confidential Information may be shared with all the persons in those cases who fall within the categories delineated above in subsections 1 to 9, above, subject to all of the above limitations. In addition to the above limitations on disclosure, if Confidential Information from this case is going to be shared with (1) "Counsel", (2) "Parties", or (7) "Witnesses at depositions" in any other case, then that may be done only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(b)        Malibu's Two Arguments Against Doe's Proposal Are Inapposite**

Although Malibu was put on notice that Doe would be insisting on such a provision almost a month before Malibu filed the instant motion (*i.e.*, on June 12, 2014)[3], Malibu manages to muster only two arguments against the proposed disputed language.

First, Malibu opposes "because the purpose of bate stamping and designating documents as confidential in a particular case is to easily track documents produced, and identify the source of a violation of a protective order, if one occurs. This cannot be done if this Court allows all unrelated third parties access to Plaintiff's confidential information. Indeed, it would be impossible to decipher the source of dissemination of confidential documents if numerous defendants all over the country have the exact same documents." Motion at ECF No. 50. The whole Bates stamp issue

---

[2] Malibu incorrectly states in its motion that Doe was proposing a new section 5(b)(1); that is an error in Malibu's motion; what Doe actually proposed and what Malibu should have said, was a new section 5(b)(10). *Compare* Motion, ECF No. 50, pp. 1–2 *with* M&C Email Chain (Exhibit C).
[3] See M&C Email Chain (Exhibit C).

is a red herring; Malibu can easily Bates stamp its production with identification for this particular case, so if documents from this case crop up somewhere inappropriately, it will know the leak came from this case.

More materially, in response to Malibu's concern about potential leaks and being able to track them, Doe added heightened protections applicable to any counsel, parties or witnesses *outside of this case* who might need to review Confidential Information.[4] Proposed Model Order, *supra*, at 5(b)(10), second sentence. Further, crucially, although Doe initially insisted that information from this case should be allowed to be shared with any John Doe defendant Malibu is suing, as a concession to Malibu, Doe offered to limit the potential universe of recipients to only those cases also being handled by The Pietz Law Firm. That will enable undersigned counsel to make sure that anyone receiving confidential information from this case executes an appropriate acknowledgement (if necessary, per the order) and understands the importance of complying with the Court's order.

Second, Malibu argues that Doe's proposal "undermines other courts and their ability to enter protective orders. Indeed, defense counsel is also counsel for unrelated defendants in pending Malibu Media cases in Illinois, Michigan, Colorado, and Maryland. Therefore, inclusion of this provision is merely a method for defense counsel to circumvent the process of seeking the entry of a protective order in his other cases around the country. Thus, such a provision is improper."

Of course, just because Doe and undersigned counsel are able, under the terms of the order, to potentially share discovery information with other courts, as well as experts, parties and counsel in other Malibu Media cases, etc., does not mean the judges in those cases have to receive it into

---

[4] The requirement that counsel, parties, and witnesses from other cases sign the acknowledgement, also specifically ensures, per the express terms of the acknowledgment itself, that this Court would have appropriate jurisdiction to potentially punish with contempt anyone who is not a party to this suit who improperly shares Confidential Information derived from this case.

evidence, or that they cannot make their own decisions about how protective orders will work in those cases. Rather, the proposal merely allows for the *potential* for that to occur, without necessarily violating this Court's protective order, or infringing on the province of how other courts conduct their proceedings. Other courts, for whatever reason, could still conceivably order that all the discovery undertaken in this case be repeated, no matter how expensive or duplicative that might be.

**(c)     Rule 1 And Binding Circuit Precedent Support Doe's Proposal**

Rule 1 instructs that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, ***and inexpensive*** determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

On the Seventh Circuit, "'Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.'" *Griffith*, 249 F. 3d at 661; *quoting Wilk*, 635 F.2d at 1299.

Here, Malibu opposes the modification of the model order to allow private litigants, namely other John Does also being targeted for suit by Malibu, to obtain discovery that is likely to be highly relevant to their cases, as well as to this case. Although it was on notice of this issue for a month (see Exhibit C), Malibu, in its instant motion, does not really attempt argue that it would be prejudiced by the adoption of Doe's proposed language, other than indirectly, with respect to the potential for unauthorized disclosures, which is addressed above. To the extent Malibu tries come up with new reasons it would be prejudiced in its reply, Doe hereby objects in advance.

Nor is there any real basis for prejudice to Malibu. Theoretically, a plaintiff should welcome the opportunity to avoid duplicative discovery; when faced with identical sets of written discovery in multiple cases, why wouldn't a plaintiff want to simply send the same responses? Malibu makes no attempt to explain why all of the various defendants it is suing should, as a policy, be required to incur the added expense of duplicating what is likely to amount to absolutely identical discovery. Of course, what is really going on is Malibu wants to compartmentalize the spread of potentially damaging information that might come from discovery in this case. However, a preference for keeping thousands of defendants (not to mention courts) in the dark as to relevant, discoverable information that underlies the multimillion dollar lawsuits against them is not an appropriate basis upon which to complain of prejudice.

At bottom, the dispute over the Doe's proposed modification to the protective order really is about "repetition of another's discovery." This is not a situation, as in <u>Griffith</u>, where modification of a protective order would result in a tangible harm to the plaintiff, like having to incur the cost of providing notice to an entire class. In fact, Malibu completely fails to articulate any kind of prejudice whatsoever, other than unfounded concern about leaks, which, of course, is a problem that already has an appropriate remedy (i.e., the Court's contempt power). Thus, the Seventh Circuit's presumption in favor of allowing protective orders to be modified to avoid duplication of discovery should be followed in this case. See <u>Griffith</u>, 249 F. 3d at 661; <u>Wilk</u>, 635 F.2d at 1299.

In order to avoid delay in production of discovery by Malibu, Doe and undersigned counsel hereby note on the record a promise, intended to be enforceable by this Court, to abide by the terms of *Malibu's* proposed confidentiality order (i.e., to refrain from sharing Confidential

Information with anyone in other cases per the disputed provision) with respect to any discovery provided in this case, pending this Court's determination of the instant motion.

It would obviously be much less expensive for everyone, including Malibu, to allow for the potential reuse of discovery adduced from this action in other Malibu cases. Thus, consistent with both Rule 1, and binding circuit precedent, Doe's limited proposed modification to the model order here is justified, and Doe therefore respectfully requests that the Court enter the proposed confidentiality order attached hereto as Exhibit A. *See* Fed. R. Civ. P. 1; *Griffith*, 249 F. 3d at 661; *Wilk*, 635 F.2d at 1299.

Respectfully submitted,

DATED: July 16, 2014

THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz (Cal. Bar No. 260629)
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile: (310) 546-5301

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.

DATED: July 16, 2014        */s/ Morgan E. Pietz*
                                                          Morgan E. Pietz